# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JASON M. MADRON

DIRECT DIAL NUMBER
302-651-7595
Madron@rlf.com

April 14, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court
 for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Lockbox 18
Wilmington, DE 19801

   Re: *JPMorgan Chase Bank v. U.S. Bank National Association*,
      Case No. 04-951 (JJF)

Your Honor:

   I write to respond to the April 13, 2005 letter sent to your chambers by U.S. Bank National Association ("U.S. Bank"), the appellee in the above-referenced case, in which U.S. Bank makes various contentions concerning the Court's stay order of September 28, 2004 (the "Stay Order") and requests a hearing. JPMorgan Chase Bank ("JPMorgan"), the appellant, respectfully submits that there is no need to burden the Court and the parties with a hearing for any reason stated in U.S. Bank's letter.

   First, JPMorgan contends that, in the context of an appeal, the phrase "final resolution" is reasonably susceptible to one meaning only -- i.e., resolution by the highest court to consider the appeal. U.S. Bank offers nothing in support of its interpretation of the Stay Order. Nor could it. As this Court has repeatedly acknowledged throughout these proceedings, the district court sits as an intermediate appellate court in bankruptcy cases. Accordingly, this Court, as a matter of law, is not the final arbiter of the Reserve Appeal. In all events, resolution of this issue surely does not require a hearing, for the Court can easily issue an order stating what it means by the phrase "final resolution of the Reserve Appeal."

   Moreover, while U.S. Bank asserts -- again, without citation to any authority -- that JPMorgan "must" seek a stay from the Third Circuit Court of Appeals once this Court renders its decision in the Reserve Appeal, the governing law provides that stays pending appeal are the province of the district court in the first instance. *See* Fed. R. App. P. 8(a). Accordingly, the stay issue belongs in this Court in the first instance irrespective of the Court's interpretation of the phrase "final resolution of the Reserve Appeal."

RLF1-2863884-1

The Honorable Joseph J. Farnan, Jr.
April 14, 2005
Page 2

As to U.S. Bank's reconsideration motion, JPMorgan continues to maintain that the motion should be denied for all the reasons stated in its previously filed opposition to the motion, a copy of which is enclosed herewith for the Court's convenience. Among other things, as was the case in October 2004, nothing in the facts or the law has changed since the Court's Stay Order that would provide the Court with a basis to amend that Order. *See, e.g., Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (reciting applicable standards, including that "a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless new factual matters not previously obtainable have been discovered since the issue was submitted to the Court"; stating that "reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided", and denying reargument because the movant "r[a]n afoul of several of these principles," and because "the grounds asserted for reargument merely constitute [the movant]'s disagreement with the Court's conclusions") (internal quotation marks and citations omitted); *In re Reliance Sec. Litig.*, 2004 WL 1196800, *2 (D. Del. 2004) (denying reargument where, *inter alia*, the movants did not present "any new facts to persuade me that reargument would result in an amendment to the court's previous order"), *see also* September 22 Hrg. Trans. at 37-38, 54, 56 (U.S. Bank's counsel arguing that nothing has "changed" or is "new").

While U.S. Bank claims that the rights of U.S. Bank and its constituents are "unfairly prejudiced" by JPMorgan's interpretation of the Stay Order in light of the Court's February 17, 2005 decision in the Claims Appeals, this argument does not provide a basis for granting U.S. Bank's reconsideration motion. Moreover, U.S. Bank has made no showing that unsecured creditors have suffered or will suffer any losses as a consequence of the Stay Order. Nor could such a showing be made, as the interests of creditors are protected by the fact that the monies held in reserve during the stay accrue interest at a rate equal or equivalent to the federal rate of interest prescribed by 28 U.S.C. § 1961.

Significantly, U.S. Bank also fails to acknowledge that JPMorgan, with the assent of U.S. Bank and the OHC Liquidation Trustee, has filed a motion in the Third Circuit seeking expedited consideration of the Claims Appeals.

RLF1-2863884-1

The Honorable Joseph J. Farnan, Jr.
April 14, 2005
Page 3


       Thank you for your consideration.

                                            Respectfully,

                                            Jason M. Madron

JMM/vjl

cc:    Clerk, U.S. District Court (via hand delivery)
       Karen C. Bifferato, Esquire (via hand delivery and e-mail)
       Derek C. Abbott, Esquire (via hand delivery)
       William F. Taylor, Jr., Esquire (via hand delivery)
       Mark S. Kenney, Esquire (via hand delivery)
       Laurie Selber Silverstein, Esquire (via hand delivery)
       Eric Lopez Schnabel, Esquire (via hand delivery)
       Christopher D. Loizides, Esquire (via hand delivery)
       Michael B. Fisco, Esquire (via Federal Express and e-mail)
       Robert Stark, Esquire (via Federal Express and e-mail)
       John J. Galban, Esquire (via first class mail)
       Rheba Rutkowski, Esquire (via first class mail)
       Michael J. Reilly, Esquire (via first class mail)
       Steven G. Varner, Esquire (via first class mail)
       Robert C. Goodrich, Jr., Esquire (via first class mail)
       Peter Partee, Esquire (via first class mail)