FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 OCT 13  PM 3: 54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| OAKWOOD HOMES CORP. *et al.*, | ) )  Bankr. Case No. 02-13396 (PJW) |
| Debtors. | ) )  Jointly Administered |
| JPMORGAN CHASE BANK, TRUSTEE, | ) ) |
| Appellant, | ) )  Dist. Ct. Case No. 04-CV-951 (JJF) |
| - against - | ) ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) |
| Appellee | ) ) |

## OPPOSITION OF JPMORGAN CHASE BANK, AS TRUSTEE, TO
## THE APPELLEE'S MOTION FOR RECONSIDERATION FILED OCTOBER 8, 2004

On October 8, 2004, appellee U.S. Bank National Association ("U.S. Bank") filed a Motion for Reconsideration of this Court's Order Granting a Stay Pending Appeal Without Bond [D.I. 22]; or, Alternatively, to Expedite Consideration and Resolution of the Mandatory Mediation and Appeals Process (the "Motion"). For the reasons set forth below, the Motion should be denied.

1.    In its September 14, 2004 Emergency Motion for an Order Granting a Temporary Stay Without Bond Pending the Later of the Successful Completion of the Mandatory Mediation or Final Resolution of the Reserve Appeal; Alternatively, for Reconsideration (the "Reconsideration Motion") -- as well as at the September 22, 2004 hearing -- appellant JPMorgan Chase Bank, as Trustee ("JPMorgan"), argued, *inter alia*, that (i) the Court should reconsider its earlier rulings on the merits of JPMorgan's emergency motion for a stay pending appeal (the "Emergency Stay Motion"), as stated in the Court's Memorandum and Order of July

1

30, 2004 (the "Stay Order"), because the Stay Order contemplated that the Third Circuit would provide a "final answer" on the merits of the Emergency Stay Motion before the temporary stay entered by the Stay Order expired, but the Third Circuit did not do so; (ii) pursuant to Local Rule 7.1.5, JPMorgan's Reconsideration Motion was timely filed because the Court's Stay Order expressly stayed the effects of the Court's order denying the Emergency Stay Motion, thereby tolling any time limits on a reconsideration motion; (iii) the Court should issue a stay without bond because, to require JPMorgan to post a bond now as a precondition for holding back the Disputed Claims Reserve Amount would force JPMorgan to give up all of its rights with respect to the above-captioned appeal (the "Reserve Appeal") and would nullify the Court's mediation order before mediation takes place and before the Court even considers the Reserve Appeal, thereby irreparably harming JPMorgan and the B-2 Holders. On September 28, 2004, the Court issued an order granting JPMorgan's Reconsideration Motion in all respects.

2.    In its September 17, 2004 status report ("Status Report") to the Court and at the September 22, 2004 hearing, U.S. Bank made *the very same arguments* in opposition to JPMorgan's Reconsideration Motion that it now makes in support of its October 8, 2004 Motion. *See* Status Report; September 22, 2004 Hrg. Trans. at 37-38, 51-57.

3.    For example, U.S. Bank argued in its Status Report and at the September 22 hearing that JPMorgan's Reconsideration Motion was untimely. *See* September 22 Hrg. Trans. at 37. This argument fails -- as the Court's September 28, 2004 Order granting the Reconsideration Motion implicitly recognizes -- because it ignores the fact that the Court's Stay Order expressly stayed the effects of the Court's order denying the Emergency Stay Motion, thereby tolling any time limits on a reconsideration motion.

4.    Similarly, U.S. Bank argued at the September 22 hearing that JPMorgan's Reconsideration Motion failed to satisfy the requirements of the law governing motions for reconsideration. *See* September 22 Hrg. Trans at 37-38. U.S. Bank's argument, however, simply ignores the new and previously unobtainable fact that, while the Court's order denying JP Morgan's Emergency Stay Motion was intended to expedite the process of obtaining a "final

2

answer" from the Third Circuit on the merits of the Emergency Stay Motion, *see* July 29, 2004 Hrg. Trans. at 5, the Third Circuit did not reach the merits because it decided that it had no jurisdiction to do so. The Court expressly acknowledged this at the September 22, 2004 hearing. *See* September 22 Hrg. Trans at 56 ("[M]y ruling was to get you all to the Third Circuit. I think I said that on the transcript. The whole idea behind it was I would write on the order whatever I wrote in the case of first impression. I wanted to get everybody expeditiously to where the answer was. And that was the purpose of the decision ... to get everybody, not just JPMorgan, but the debtor, as quickly as possible to where the finality would be."), *see also id.* at 20 ("Well, I was obviously wrong thinking that I understood the procedural path of appeals on denial of stay orders ... So I think I got us into this morass here of procedure.")

    5.     U.S. Bank also raised at the September 22 hearing the issue of alleged losses of unsecured creditors during the stay period. *See* September 22 Hrg. Trans. at 55. This argument, too, fails: U.S. Bank has made no showing that unsecured creditors have suffered or will suffer any losses as a consequence of the stay. Nor could such a showing be made, as the interests of creditors are protected by the fact that the monies held in reserve during the stay accrue interest at a rate equal or equivalent to the federal rate of interest prescribed by 28 U.S.C. § 1961.

    6.     Not only were all the arguments made by U.S. Bank in its October 8, 2004 Motion made in its Status Report and at the September 22, 2004 hearing, but these arguments, and the standards cited by U.S. Bank in support of them, mandate that U.S. Bank's Motion must be denied because *nothing in the facts or the law has changed since the Court's September 28, 2004 Order that would lead the Court to amend the September 28, 2004 Order.* *See, e.g., Schering Corp. v. Amgen, Inc.,* 25 F. Supp. 2d 293, 295 (D. Del. 1998) (reciting applicable standards, including that "a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless new factual matters not previously obtainable have been discovered since the issue was submitted to the Court", stating that "reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided", and

denying reargument because the movant "r[a]n afoul of several of these principles," and because "the grounds asserted for reargument merely constitute [the movant]'s disagreement with the Court's conclusions") (internal quotation marks and citations omitted), *In re Reliance Sec. Litig.*, 2004 WL 1196899, *2 (D. Del. 2004) (denying reargument where, *inter alia*, the movants did not present "any new facts to persuade me that reargument would result in an amendment to the court's previous order"); *see also* September 22 Hrg. Trans. at 37-38, 54, 56 (U.S. Bank's counsel arguing that nothing has "changed" or is "new").

7.    Finally, U.S. Bank's alternative motion for expedition of the mediation and appeals process is superfluous. First, the mediator has already been informed of the Court's September 28, 2004 Order and has re-started the mediation process. Second, the Court, in the September 28, 2004 Order, already ordered expedition of the Reserve Appeal. Third, as U.S. Bank well knows, JPMorgan filed on October 7, 2004, with the prior knowledge and consent of both U.S. Bank and the OHC Liquidation Trustee, a motion seeking expedition of the Claims Appeals.

8.    For the foregoing reasons, JPMorgan respectfully requests that this Court DENY U.S. Bank's October 8, 2004 Motion to the extent that the Motion seeks reargument and/or reconsideration of the Court's September 28, 2004 Order.

Dated: October 13, 2004              Respectfully submitted,
       Wilmington, Delaware

                                     Russell C. Silberglied (No. 3462)
                                     Jason M. Madron (No. 4431)
                                     RICHARDS, LAYTON & FINGER, P.A.
                                     One Rodney Square
                                     Wilmington, DE 19899
                                     (302) 651-7545

                                     - and –

M. William Munno
John J. Galban
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
(212) 574-1200

- and –

Christopher D. Loizides
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 654-0248

- and -

Robert C. Goodrich, Jr.
STITES & HARBISON, PLLC
SunTrust Center, Suite 1800
424 Church Street
Nashville, TN 37219
(615) 244-5200

- and -

Alex P. Herrington, Jr.
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
(502) 587-3400

- and -

Timothy B. DeSieno
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000

- and -

Rheba Rutkowski
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Co-Counsel for JPMorgan Chase Bank, as Trustee*

RLF1-2796383-1

# <u>Unreported Case</u>



Slip Copy
2004 WL 1196899 (D Del )
**(Cite as: 2004 WL 1196899 (D.Del.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
D Delaware

In re RELIANCE SECURITIES LITIGATION

**No. Civ.A. 99-858-KAJ, MDL 1304.**

May 25, 2004.

R. Bruce McNew, Taylor & McNew, LLP, Greenville, DE, Joseph S. Naylor, Pepper Hamilton, LLP, Wilmington, DE, for Plaintiffs

Gary F. Traynor, Prickett, Jones & Elliott, Dover, DE, Richard D. Kirk, Morris, James, Hitchens & Williams, Peter B Ladig, Richards, Layton & Finger, Henry E. Gallagher, Jr., Connolly, Bove, Lodge & Hutz, Arthur L. Dent, Potter Anderson & Corroon, LLP, Michael D. DeBaecke, Blank Rome, LLP, Lawrence C. Ashby, Ashby & Geddes, William H. Sudell, Jr., Morris, Nichols, Arsht & Tunnell, Francis J. Murphy, Jr., Murphy, Spadaro & Landon, Stephen W. Spence, Phillips, Goldman & Spence, P.A., Wilmington, DE, George W. Spellmire, D'Ancona & Pflaum, LLC, Chicago, IL, for Defendants

*MEMORANDUM ORDER*

JORDAN, J

*1 Presently before me is a Motion to Set Aside, Vacate and/or Reconsider the Court's Order of April 17, 2003, filed by defendants Alvin and Robert Doppelt (the "Doppelts") (Docket Item ["D.I."] 559; the "Motion".) For the reasons that follow, the Doppelts' Motion will be denied.

This is a class action securities litigation, the class including "all persons who had a right to vote at

Cole Taylor Financial Group's (CTFG) annual meeting on November 15, 1996, to approve the split-off transaction pursuant to the proxy statement dated October 16, 1996." (D I 553 at 2.) The Doppelts are members of the class. (*Id.* at 6.) On April 17, 2003, the court issued a Memorandum Opinion and Order granting the Taylor Defendants [FN1] Motion to Enjoin Prosecution of Released Claims (D.I. 548; the "Motion to Enjoin") (D.I. 553, 554 (reported at *In re Reliance Sec. Litig.*, 2003 U.S. Dist. LEXIS 6849 (D.Del. Apr. 17, 2003).) The court found that the Doppelts were impermissibly asserting, in state court in Illinois, claims that were released in the Settlement Stipulation and Final Judgment (D.I 538) entered in this case. (D.I. 553 at 6-7.) As a result, the court enjoined the Doppelts' pending Illinois state court action. (*Id.* at 7.) The Doppelts filed their Motion on April 28, 2003, arguing that they were not timely served with the Taylor Defendants' Motion to Enjoin, and that, once they became aware of it on April 10, 2003, they filed their answering brief on April 21, 2003 (see D.I. 556, 557), even though the court had already granted the Motion to Enjoin. (D.I. 559 at 1-2.) Apart from asserting that the Motion to Enjoin was not properly served, the Doppelts say that they "possess meritorious claims in the Illinois Action which have not been released" and ask that they be allowed to pursue those claims in Illinois state court (*Id.* at 3.)

> FN1. Jeffrey Taylor, Bruce Taylor, Sidney Taylor, Iris Taylor, Taylor Capital Group, Inc., Cole Taylor Bank, the Taylor Family Partnership, L.P., and J. Christopher Alstrin

The court, in *Schering Corp. v. Amgen, Inc.*, has previously summarized the standard that applies to motions for reargument as follows:
> The District of Delaware, through published case law, has developed rules that govern motions for reargument under Local Rule 7.1.5. [FN2] These governing principles are simply stated: 1)

Copr © 2004 West No Claim to Orig U.S. Govt Works

reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order, *see StairMaster Sports/Medical Products v. Groupe Procycle, Inc.*, 25 F.Supp.2d 270, 292 (D.Del 1998); 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) "where the Court has patently misunderstood a party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension," *see Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D.Del.1990); and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court," *id.*

> FN2. A motion for reargument under Local Rule 7.1.5 is the "functional equivalent of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Kavanagh v. Keiper*, 2003 U.S. Dist. LEXIS 23931 at *4 n. 2 (D.Del. July 24, 2003) (citing *New Castle County v. Hartford Accident and Indem. Co.*, 933 F.2d 1162, 1176-77 (3d Cir 1991))

*2 25 F.Supp.2d 293, 295 (D.Del.1998)

As far as the Doppelts' improper service argument is concerned, there is evidence in the record that counsel for the Taylor Defendants sent the Motion to Enjoin to class counsel on March 11, 2003, asking whether counsel would "accept service of this motion on behalf of your client." (*See* D.I. 559, Ex. A.) The Taylor Defendants also personally served the Motion to Enjoin on Robert Doppelt (*see* D.I. 552, Supplemental Certificate of Service) and attempted to personally serve Alvin Doppelt, who could not be located at his last known address (*id.*; D.I. 562 at 3)

More to the point, though, whether service was

proper or not, the Doppelts did eventually respond to the Taylor Defendants' Motion to Enjoin, and there is nothing in that submission that leads me to the conclusion that the court, in its April 17, 2003 decision, misunderstood a party, made a decision outside the adversarial issues presented, or made an error of apprehension. Nor have the Doppelts come forward with any new facts to persuade me that reargument would result in an amendment of the court's previous order granting the Taylor Defendants' Motion to Enjoin. *See Schering Corp.*, 25 F.Supp.2d at 295 (citation omitted).

Accordingly, it is hereby ORDERED that the Doppelts' Motion (D.I 559) is DENIED.

2004 WL 1196899 (D Del.)

END OF DOCUMENT

Copr © 2004 West. No Claim to Orig. U.S. Govt. Works

## CERTIFICATE OF SERVICE

I, Jason M. Madron, do hereby certify that on October 13, 2004 a copy of the foregoing

**Opposition of JPMorgan Chase Bank, As Trustee, to the Appellee's Motion for**

**Reconsideration Filed October 8, 2004** was served on the parties on the attached list and in the

manner indicated thereon.

Jason M. Madron (Bar No. 4431)

**Service List for Oakwood Homes Corporation,
Civil Action No. 04-951 (JJF)**

*Via Hand Delivery and Electronic Mail:*

    Karen C. Bifferato, Esquire
    Christina Thompson, Esquire
    Marc J. Phillips, Esquire
    Connolly Bove Lodge & Hutz LLP
    The Nemours Building
    1007 North Orange Street
    P.O. Box 2207
    Wilmington, Delaware 19899
    E-Mail: kcb@cblhlaw.com
           cthompson@cblh.com
           mphillips@cblh.com

    Derek C. Abbott, Esquire
    Robert J. Dehney, Esquire
    Morris, Nichols, Arsht & Tunnell
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, Delaware 19899
    E-Mail: dabbott@mnat.com
         rdehney@mnat.com

*Via Federal Express and Electronic Mail:*

    Michael B. Fisco, Esquire
    Abby E. Wilkinson, Esquire
    Faegre & Benson LLP
    2200 Wells Fargo Center
    90 South Seventh Street
    Minneapolis, Minnesota 55402-3901
    E-Mail: MFisco@faegre.com
    E-Mail: AWilkinson@faegre.com

    Robert J. Stark, Esquire
    King & Spalding
    1185 Avenue of the Americas
    New York, New York 10036-4003
    E-Mail: rstark@kslaw.com

*Via Hand Delivery:*

William F. Taylor, Jr., Esquire
McCarter & English, LLP
919 Market Street, Suite 1800
P.O. Box 111
Wilmington, Delaware 19801

Mark S. Kenney, Esquire
Office of the United States
Trustee
844 King Street
Lockbox 2313
Wilmington, Delaware 19801

Laurie Selber Silverstein, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801

Eric Lopez Schnabel, Esquire
Klett Rooney Lieber & Schorling
1000 West Street
Suite 1410
Wilmington, Delaware 19801

Christopher D. Loizides, Esquire
Loizides & Associates
1225 King Street, Suite 800
Wilmington, Delaware 19801

*Via Federal Express:*

John J. Galban, Esquire
M. William Munno, Esquire
Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004

*Via Federal Express:*

Rheba Rutkowski, Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, Massachusetts 02110

Michael J. Reilly, Esquire
Anna M. Boelitz, Esquire
Michael C. D'Agostino, Esquire
Bingham McCutchen LLP
One State Street
Hartford, Connecticut 06103

Steven G. Varner, Esquire
Alvarez & Marsal
800 Apollo Street
Suite 304
El Segundo, California 90245

Robert C. Goodrich, Jr., Esquire
Alex P. Herrington, Jr., Esquire
Stites & Harbison, PLLC
SunTrust Center, Suite 1800
424 Church Street
Nashville, Tennessee 37219-2376

Peter Partee, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074