**EXHIBIT A**

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 SEP 20 PH 3: 57

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                              :
                                    :    Chapter 11
OAKWOOD HOMES CORP. et al.,         :
                                    :    Bankruptcy No. 02-13396 (PJW)
          Debtors.                  :
                                    :
──────────────────────────────     :
                                    :
JPMORGAN CHASE BANK, Trustee,       :
                                    :
          Appellant,                :
                                    :
     v.                             :    Civil Action No. 04-951-JJF
                                    :
U.S. NATIONAL BANK ASSOCIATION,     :
                                    :
          Appellee.                 :

## MEMORANDUM AND ORDER

Pending before the Court is JPMorgan's Emergency Motion For A Temporary Stay Without Bond Pending The Later Of The Successful Completion Of Mandatory Mediation Or Final Resolution Of The Reserve Appeal; Alternatively, For Reconsideration Of This Court's Order Denying JPMorgan's Motion For A Stay Pending Appeal (D.I. 11).  For the reasons stated, the Court will grant reconsideration and grant a stay pending resolution of the reserve appeal.

### Contentions

JPMorgan contends that, pursuant to Bankruptcy Rule 8005, the Court should stay without bond the Reserve Order.  First, JPMorgan argues that a denial of the stay would moot its Reserve Appeal, causing it irreparable harm.  JPMorgan states in its

brief, "To require JPMorgan to post a bond now as a precondition for holding back the Reserve Amount is to force JPMorgan to give up all of its rights with respect to the Reserve Appeal and to nullify the Court's mandatory mediation order before mediation takes place and before the Court even considers the Reserve Appeal." Second, JPMorgan contends that a denial of the stay would cause the Liquidation Trust to make distributions to unsecured creditors, causing no cash to be available for distribution to the B-2 Holders on the disputed portions of their Limited Guarantee Claims should JPMorgan prevail on appeal. Third and finally, JPMorgan argues that the question of whether it can afford to post an appellate bond is irrelevant to whether the Court should grant a stay pursuant to Bankruptcy Rule 8005.

In response, U.S. Bank contends that the bankruptcy court, this Court, and the Third Circuit have all concluded that a denial of the stay would not cause JPMorgan irreparable harm. It further contends that a denial of the stay would not irreparably harm JPMorgan because JPMorgan could prevent the distribution of cash and protect its appeal rights by simply posting a bond or letter of credit in accordance with the bankruptcy court's decision.

### Discussion

Pursuant to Bankruptcy Rule 8005, courts apply a four prong test to determine whether a stay pending appeal is warranted: (1)

2

the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable harm if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted.

In this case, the propriety of the stay hinges on prong three, irreparable harm. JPMorgan is correct that a denial of the stay would render the mediation and pending Reserve Appeal moot. That is, a denial of the stay would essentially dispose of the Reserve Order dispute, eliminating JPMorgan's right to appeal the order. Moreover, a denial of the stay would vitiate the purpose of the court-ordered mediation by trumping any resolution the parties might reach.

In addition, the Court credits JPMorgan's claim that it and the B-2 Holders will suffer irreparable harm if no stay is granted. What U.S. Bank challenges is JPMorgan's attempt to obtain a stay without posting a bond. It reasons that, since JPMorgan has the means obtain a stay by posting a bond, it is not in danger of irreparable harm. However, the four-prong analysis under Bankruptcy Rule 8005 is independent of any bond requirement. Under 8005, the availability of an automatic stay by the posting a bond does not factor into the irreparable harm analysis.

For the foregoing reasons, the Court will grant JPMorgan's

3

motion for reconsideration and grant a stay pending resolution of the Reserve Appeal.  Also, the Court will expedite consideration of the appeal upon completion of briefing.

NOW THEREFORE, IT IS HEREBY ORDERED this 23ᵗʰ day of September 2004, that:

1) JPMorgan's Motion To Reconsider Court's July 30, 2004, Order Denying JPMorgan's Motion For A Stay Pending Appeal (D.I. 11) is **GRANTED**;

2) JPMorgan's Emergency Motion For A Temporary Stay Without Bond Pending The Later Of The Successful Completion Of Mandatory Mediation Or Final Resolution Of The Reserve Appeal (D.I. 11) is **GRANTED**;

3) If mediation is unsuccessful, Appellant shall file within ten (10) days of close of mediation its Opening Brief on appeal; Appellee shall file its Answering Brief within ten (10) days of reception of Appellant's Opening Brief; and Appellant shall file its Reply Brief within five (5) days of receipt of Appellee's Answering Brief.


UNITED STATES DISTRICT JUDGE

4