**EXHIBIT B**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OAKWOOD HOMES CORP. *et al.*, | ) | Bankr. Case No. 02-13396 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| JPMORGAN CHASE BANK, TRUSTEE, | ) | |
| | ) | |
| Appellant, | ) | Dist. Ct. Case Nos. 04-CV-951 (JJF) |
| | ) | |
| - against - | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Appellee. | ) | |

### EMERGENCY MOTION OF JPMORGAN CHASE BANK, AS TRUSTEE, FOR A TEMPORARY STAY WITHOUT BOND PENDING THE LATER OF THE SUCCESSFUL COMPLETION OF MANDATORY MEDIATION OR FINAL RESOLUTION OF THE RESERVE APPEAL; ALTERNATIVELY, FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING JPMORGAN'S MOTION FOR A STAY PENDING APPEAL

Pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1651, appellant JPMorgan Chase Bank ("JPMorgan"), as Trustee, respectfully moves (the "Emergency Motion") for an order granting a temporary stay without bond pending the later of the successful completion of the mandatory mediation ordered by this Court with respect to the above-captioned appeal (the "Reserve Appeal") or final resolution of the Reserve Appeal, which order would extend the present temporary stay, without bond, of the Reserve Order[1] and Plan

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Emergency Stay Motion.

1

distributions to unsecured creditors to the extent necessary to preserve an amount equal to the disputed portions of the Limited Guarantee Claims, totaling $61,017,425.

### Introduction

On September 10, 2004, the Third Circuit issued an order dismissing JPMorgan's Emergency Motion for a Stay Pending Appeal and for Expedited Consideration for lack of jurisdiction (the "Dismissal Order"). *See Exhibit A* hereto. Although this Court's prior order in connection with the July 9, 2004 Emergency Motion of JPMorgan Chase Bank, as Trustee, to Stay Plan Distributions to the Limited Extent Necessary to Protect the Rights of JPMorgan and the B-2 Holders and for Expedited Consideration of the Instant Motion (the "Emergency Stay Motion"), which granted a temporary stay without bond, clearly contemplated that the Third Circuit would rule on the merits of JPMorgan's motion for a stay pending appeal before the expiration of its order granting a temporary stay without bond, the Third Circuit's Dismissal Order does *not* address the merits of the Emergency Stay Motion. To the contrary, the Dismissal Order simply rules that the Third Circuit has no jurisdiction to consider the merits of the Emergency Stay Motion.

Absent the relief requested herein, the temporary stay without bond previously ordered by this Court in connection with the Emergency Stay Motion, as amended by the Court's Amended Order dated August 30, 2004, and as extended by this Court's order of September 9, 2004 (the "Temporary Stay Order"), will expire after September 17, 2004. If this occurs, and/or if JPMorgan is required to post a bond now, as a precondition for obtaining the Disputed Claims Reserve required by the Plan, JPMorgan's rights with respect to the mandatory mediation and the Reserve Appeal itself will be mooted before the mediation has even begun and before the Court even considers the Reserve Appeal. In support of this Emergency Motion, JPMorgan respectfully states as follows:

**Background**

1.       At the July 29, 2004 hearing on JPMorgan's Emergency Stay Motion,[2] this Court ruled from the bench, denying JPMorgan's request for a stay pending appeal without bond and granting its alternative request for a temporary stay without bond, to permit JPMorgan to seek relief in the Third Circuit. *See* July 29, 2004 Hrg. Trans. at p.48 (The Court: "So you know my intention is to deny the motion, to grant a temporary stay. And I'm ordering from the bench no disbursements and the temporary stay, for you to get to the Third Circuit, will be 30 days with the right to come back and ask for an extension. . . . . No bond.")); *id.* at pp. 38, 45-46, 50.

2.       On July 30, 2004, this Court entered its Memorandum Order on the Emergency Stay Motion, which denied JPMorgan's request for a stay pending appeal without bond but ordered a temporary stay, without bond, until September 10, 2004. The Memorandum Order specifically provides that "JPMorgan . . . may seek an extension of this temporary stay if warranted by the status of an appeal to the Third Circuit." Memorandum Order, ¶ 2.

3.       On August 30, 2004, this Court issued an Amended Order on the Emergency Stay Motion, clarifying that: "The Liquidation Trustee is hereby instructed that, during the stay period, Plan distributions to unsecured creditors are prohibited to the extent necessary to maintain a reserve for the disputed claims of JPMorgan, as Trustee on behalf of the appealing B-2 Certificate Holders, in an amount no less than $61,017,425. JPMorgan is not required to post any security as a precondition for the temporary stay relief granted herein or for an appeal of this Order and may seek an extension of this temporary stay if warranted by the status of an appeal to the Third Circuit." August 30 Amended Order.

---

[2] JPMorgan filed its July 9, 2004 Emergency Stay Motion in the Claims Appeals, Civil Action No. 04-835 (consolidated). This is because the bankruptcy court did not enter its Reserve Order until July 7, 2004 and, accordingly, the Reserve Appeal had not been docketed in this Court.

4.    As contemplated by this Court's Temporary Stay Order, JPMorgan filed its Emergency Stay Motion with the Third Circuit on August 9, 2004. Briefing on the Emergency Stay Motion in the Third Circuit was completed on or about August 23, 2004.

5.    On July 23, 2004, the United States District Court for the District of Delaware entered a standing order requiring mandatory mediation with respect to appeals from the United States Bankruptcy Court for the District of Delaware (the "Mediation Order"). On or about August 24, 2004, the Reserve Appeal was referred to mandatory mediation and briefing in the Reserve Appeal was stayed pursuant to the Mediation Order. By agreement of the parties and with the consent of David Stratton, the court-appointed mediator, the mandatory mediation proceedings have been held in abeyance pending final resolution of the Emergency Stay Motion by the Third Circuit.

6.    On September 3, 2004, the Third Circuit issued an "Order to Show Cause" with respect to the Emergency Stay Motion, *see Exhibit B* hereto, pursuant to which the parties were required to file briefs on September 9, 2004, addressing the issue of whether the Third Circuit has jurisdiction to consider the Emergency Stay Motion.

7.    Given that the expiration of the Temporary Stay Order was imminent, JPMorgan filed in this Court on September 8, 2004 the Emergency Motion of JPMorgan Chase Bank, As Trustee, for Extension of Temporary Stay (the "Extension Motion"). The Extension Motion sought to extend the Temporary Stay Order, through and including seven (7) days after the entry of an order by the Third Circuit, granting or denying the relief requested in JPMorgan's Emergency Stay Motion.

8.    On September 9, 2004, JPMorgan and U.S. Bank filed briefs in response to the Third Circuit's Order to Show Cause. On the same day, this Court issued an order extending the Temporary Stay Order from September 10, 2004 through September 17, 2004 (the "Extension Order").

---

4

9.    On September 10, 2004, the Third Circuit issued the Dismissal Order. *See Exhibit A* hereto. The Dismissal Order does *not* address the merits of the Emergency Stay Motion. To the contrary, the Dismissal Order merely rules that the Third Circuit has no jurisdiction to consider the merits of the Emergency Stay Motion.

## Argument

**A.    The Court Should Issue A Temporary Stay Without Bond, Which Extends The Current Temporary Stay Of The Reserve Order And Plan Distributions To Unsecured Creditors To the Extent Necessary To Hold Back The Reserve Amount Pending the Later Of The Successful Completion Of Mandatory Mediation Of The Reserve Appeal Or Final Resolution Of The Reserve Appeal.**

10.    As discussed in the Emergency Stay Motion (which is incorporated herein by reference), JPMorgan contends in its Reserve Appeal that the bankruptcy court erred in the Reserve Order by ruling that a Disputed Claims Reserve, required by the negotiated terms of the confirmed Plan to preserve a claimant's right to claim amounts disallowed by the bankruptcy court (such as the disputed portions of the Limited Guarantee Claims at issue here) pending final resolution of such claims on appeal, is not required. The bankruptcy court has no discretion vis-à-vis the requirement that a Disputed Claims Reserve "*shall*" be established. To permit such discretion contravenes the very purpose of a Disputed Claims Reserve -- to protect the rights of claimants with disallowed claims pending appeal. The bankruptcy court also erred by importing into the Plan a requirement not stated in the Plan that such a reserve could be obtained only on the condition that JPMorgan post a bond in an amount equal to one year's interest, at the wholly unjustified rate of 7.74%, on the amount of the reserve. The amount of the bond required by the bankruptcy court is equivalent to approximately 50% of the distributions the B-2 Holders expect to receive if JPMorgan's Appeals are unsuccessful.

11.    JPMorgan contends in its Reserve Appeal that the bankruptcy court's rulings in the Reserve Order constitute a failure to implement the Plan in accordance with its express terms and that the bond imposed by the Reserve Order is not only unwarranted but inequitable, given that the Plan itself grants -- with no bond requirement -- the very protection of a Disputed Claims

5

Reserve sought by JPMorgan and the B-2 Holders in the Reserve Motion. The bankruptcy court's removal of that protection after the Plan was confirmed is unfair and arbitrary and bestows an impermissible windfall on other unsecured creditors to the detriment of the B-2 Holders.

12.     The question whether JPMorgan can afford to post a bond is irrelevant. The issue is whether a bond should be required in view of the law and the equities. As discussed in the Emergency Stay Motion, a bond is not required by the Plan, by Fed. R. Bankr. P. 8005, or by 28 U.S.C. § 1651. Moreover, it would be inequitable to require JPMorgan to post a bond under the circumstances presented here. This is especially so given that (i) a stay without bond does not materially affect implementation of the Plan; (ii) no party will be harmed by a short delay as to a portion of distributions to unsecured creditors in the event that JPMorgan does not succeed on appeal; and (iii) there is no risk to other unsecured creditors that they will not recover their share of monies held in reserve pending appeal, as the money is there, held in the interest-bearing account maintained by the Liquidation Trust. Nor is there any basis to require a bond equivalent to 7.74% interest on the Reserve Amount.

13.     The essential question presented in the Reserve Appeal is whether the bankruptcy court erred in ruling that JPMorgan has no right to the Disputed Claims Reserve required by the Plan and may not obtain a Disputed Claims Reserve unless it posts a bond in excess of $4 million. *To require JPMorgan to post a bond now as a precondition for holding back the Reserve Amount is to force JPMorgan to give up all of its rights with respect to the Reserve Appeal and to nullify the Court's mandatory mediation order before mediation takes place and before the Court even considers the Reserve Appeal.* If this Court does not issue an order granting a temporary stay without bond -- which order would extend the present temporary stay, without bond, of the Reserve Order and Plan distributions to unsecured creditors to the extent necessary to preserve an amount equal to the disputed portions of the Limited Guarantee Claims, totaling $61,017,425 -- then the Liquidation Trust will be permitted to make Plan Distributions to other unsecured creditors after September 17, 2004.

6

14.    In view of the foregoing, the law and the equities mandate that the Court grant the instant Emergency Motion and issue an order granting a temporary stay without bond -- which order would extend the present temporary stay, without bond, of the Reserve Order and Plan distributions to unsecured creditors to the extent necessary to preserve an amount equal to the disputed portions of the Limited Guarantee Claims, totaling $61,017,425, pending the later of the successful completion of the mandatory mediation of the Reserve Appeal or final resolution of the Reserve Appeal.

**B.    In The Alternative, The Court Should Issue A Temporary Stay Without Bond, Which Extends The Current Temporary Stay Of The Reserve Order And Plan Distributions To Unsecured Creditors To the Extent Necessary To Hold Back The Reserve Amount Pending Reconsideration Of The Court's Order Denying JPMorgan A Stay Pending Appeal.**

15.    At the July 29, 2004 hearing on the Emergency Stay Motion, this Court stated its belief that its view would not be given "much weight" by the Third Circuit and indicated that, in denying JPMorgan's request for a stay pending appeal, it was acting quickly in order to pass the Emergency Stay Motion along to the Third Circuit for a "final answer." *See* July 29, 2004 Hrg. Trans. at p.5 (The Court: "[W]hat you want is a final answer so I would pass you quickly to the Circuit Court so you can get your final answer because I don't think I'm going to have much weight. . . . I'm trying to move you quickly to the Circuit Court because that is where you're going to get your answer, whatever it is.").

16.    Although the Court's Temporary Stay Order contemplated that the Third Circuit would rule on the merits of the Emergency Stay Motion before the expiration of the Temporary Stay Order, the Third Circuit did not reach the merits but simply dismissed the Stay Motion for lack of jurisdiction.

17.    In view of (i) the fact that the Court ruled very quickly on the Emergency Stay Motion because it was concerned about passing the matter on to the Third Circuit for a "final answer" and (ii) the fact that the Third Circuit did not address the merits of the Emergency Stay Motion but simply dismissed the motion for lack of jurisdiction, JPMorgan respectfully requests,

7

in the alternative, that the Court reconsider its earlier rulings on the merits of the Emergency Stay Motion, as stated in the Court's Memorandum and Order of July 30, 2004, and that the Court grant a temporary stay without bond, as described above, pending the Court's ruling on reconsideration.

18.    This motion for reconsideration is timely, pursuant to Local Rule 7.1.5, because the Court's Temporary Stay Order expressly stayed the effects of the Court's order denying the Emergency Stay Motion, thereby tolling any time limits on a reconsideration motion.

### Conclusion

19.    In sum, given that (i) the temporary stay ordered by this Court expires after September 17, 2004; (ii) the mandatory mediation of the Reserve Appeal has not yet taken place and will be mooted, along with the Reserve Appeal itself, absent a further stay without bond; (iii) this Court's Temporary Stay Order contemplated that the Third Circuit would rule on the merits of the Emergency Stay Motion before the expiration of the temporary stay but the Third Circuit did not reach the merits of the Emergency Stay Motion; (iv) to require JPMorgan to post a bond now, prior to completion of mandatory mediation of the Reserve Appeal and/or final resolution of the Reserve Appeal would force JPMorgan to give up its rights with respect to the mediation and the Reserve Appeal, thereby irreparably harming JPMorgan and the B-2 Holders, JPMorgan respectfully requests that the Court issue an order extending the present temporary stay (in effect through September 17, 2004), without bond, of the Reserve Order and Plan distributions to unsecured creditors to the extent necessary to preserve an amount equal to the disputed portions of the Limited Guarantee Claims, totaling $61,017,425, pending the later of the successful conclusion of mediation in the Reserve Appeal or final determination of the merits of the Reserve Appeal.

WHEREFORE, JPMorgan respectfully requests that this Court enter an Order, substantially in the form annexed hereto as *Exhibit C*, granting the relief requested in this Emergency Motion and granting a temporary stay without bond until the later of (i) the successful completion of the mediation ordered by this Court with respect to the Reserve Appeal

8

or (ii) the final determination and adjudication of the merits of the Reserve Appeal. Alternatively, JPMorgan requests that the Court grant a temporary stay without bond pending this Court's reconsideration the merits of the Emergency Stay Motion.

Dated: September 14, 2004
Wilmington, Delaware

Respectfully submitted,

Daniel J. DeFranceschi (No.2732)
Russell C. Silberglied (No.3462)
Jason M. Madron (No.4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19899
(302) 651-7545

- and –

M. William Munno
John J. Galban
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
(212) 574-1200

- and –

Christopher D. Loizides
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 654-0248

- and -

Robert C. Goodrich, Jr.
STITES & HARBISON, PLLC
SunTrust Center, Suite 1800
424 Church Street
Nashville, TN 37219
(615) 244-5200

- and -

9

RLF1-2784619-1

Alex P. Herrington, Jr.
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
(502) 587-3400

- and -

Timothy B. DeSieno
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000

- and -

Rheba Rutkowski
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Co-Counsel for JPMorgan Chase Bank, as Trustee*

10

# **Exhibit A**

RLF1-2784619-1

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

August 13, 2004

**D-145-E**

No. 04-3277

In Re: Oakwood Homes Corp.

JP Morgan Chase Bank, Trustee,
Appellant

(District of Delaware Civil No. 04-cv-00835)

Present: McKEE, RENDELL and FISHER, Circuit Judges.

1.     Emergency Motion with Exhibits by Appellant JP Morgan Chase Bank, Trustee For Stay Pending Appeal and For Expedited Consideration.

2.     Response with Affidavit by Appellee, U.S. National Bank Association

3.     Response with Transmittal Declaration by Appellee, OHC Liquidation

4.     Reply in Response by Appellant with Compendium of Unreported Cases In Support of Emergency Motion for Stay Pending Appeal and For Expedited Consideration.

5.     Second Emergency Motion by Appellant, JP Morgan Chase Bank, for Temporary Stay and for Expedited Consideration

Chanel Graham  267-299-4955
Case Manager

Answer due 8/19/04
**District Court Stay Expires 8/30/04**

_____ O R D E R _____

The motions filed before us for stay, and appeal from the District Court's orders regarding same, are hereby dismissed for lack of jurisdiction. Appellant seeks an order altering the conditions of the injunctive-like relief entered, not the grant or denial of such relief, and is not aggrieved in the true sense by the grant or denial of such relief. Even were the orders appealed from viewed as true denials of injunctive relief, the harm

No. 04-3277, In Re: Oakwood Homes Corp.

argued would be visited not by the denial, but by the conditions of the relief in light of the District Court's willingness to enter an order establishing the reserve with bond. We conclude that such harm is not the irreparable harm that supports or sustains an appeal to our court under these circumstances.

By the Court,


/s/ Marjorie O. Rendell
Circuit Judge

Dated: September 10, 2004
SLC/cc: Timothy B. DeSieno, Esq.
      John J. Galban, Esq.
      Robert C. Goodrich, Jr., Esq.
      Rheba Rutkowski, Esq.
      Russell C. Silberglied, Esq.
      Karen C. Bifferato, Esq.
      Michael B. Fisco, Esq.
      Marc J. Phillips, Esq.
      Robert J. Dehney, Esq.
      Scott E. Eckas, Esq.
      Gilbert R. Sayhad, Jr., Esq.
      George B. South, III, Esq.
      Robert J. Stark, Esq.

2

# **<u>Exhibit B</u>**

11

**D-145-E**                                              September 3, 2004

<u>UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT</u>

C.A. No. <u>**04-3277**</u>


IN RE: OAKWOOD HOMES CORP. et al.,
                   Debtors

JP MORGAN CHASE BANK, TRUSTEE,
                             Appellant
        v.

U.S. NATIONAL BANK ASSOCIATION

    (D. Del. Civ. No. 04-cv-00835)

Present:      McKEE, RENDELL and FISHER, <u>Circuit</u> <u>Judges</u>

            Submitted are:

            (1)    Appellant's Emergency Motion for Stay Pending Appeal and for
                   Expedited Consideration; and

            (2)    Responses thereto

            in the above-captioned case.

                            Respectfully,


                            Clerk

MMW/MAW/crg/bc

<u>**ORDER TO SHOW CAUSE**</u>

        Appellant JPMorgan Chase Bank appeals the order of the United States District Court for
the District of Delaware denying its motion for a stay. As the parties are well aware, the merits

Page 2 - D-145-E

C.A. No. 04-3277
IN RE: OAKWOOD HOMES CORP. et al.,
          Debtors
JP MORGAN CHASE BANK, TRUSTEE,
          Appellant
     v.
U.S. NATIONAL BANK ASSOCIATION

---

of the Claims Orders and the Reserve Order, issued by the Bankruptcy Court and appealed to the District Court pursuant to § 158(a), remain in the capable hands of the District Court. Although captioned as a Motion for Stay, the matter is clearly an appeal from the District Court's denial of a stay while the matter is pending in the District Court. (Rule 8 of the Rules of Appellate Procedure is thus inapplicable.)  The parties have not shown why we should assert jurisdiction over the interlocutory order that is the subject of this appeal. Accordingly, they are

     ORDERED TO SHOW CAUSE why this appeal should not be dismissed for lack of jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (requirement that jurisdiction be established as a threshold matter is without exception).

     The parties are reminded that this Court's jurisdiction in bankruptcy matters is limited. Appeals may be taken to this Court from "final decisions, judgments, orders and decrees" entered by the district court in appeals from bankruptcy court judgments. See 28 U.S.C. § 158(d).  In extraordinary circumstances, mandamus relief is available under the All Writs Act, 28 U.S.C. § 1651.  See Communication Workers of America, AFL-CIO v. American Tel. & Tel. Co., 932 F.2d 199, 208 (3d Cir. 1991) (under All Writs Act, mandamus may be available if an order is not appealable because it is not final and does not fall within an exception to finality doctrine; such relief limited to extraordinary cases).

     Furthermore, for an interlocutory order to be immediately appealable under 28 U.S.C. § 1292(a)(1), the appellant "must show more than that the order has the practical effect of refusing an injunction." Carson v. American Brands, Inc., 450 U.S. 79, 83-84 (1981). "Unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectively challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." Id.; see also Saudi Basic Industries Corp. v. Exxon Corp. et al., 364 F.3d 106, 111 (3d Cir. 2004) (discussing circuit's case law on issue; noting that litigant must show "serious, perhaps irreparable consequence" in the context of determining  § 1292(a)(1) appealability of an order denying injunctive relief). We note that the Bankruptcy Court has indicated that Appellant may post a bond to ensure that Appellant's financial interests in the OHC Liquidation Trust are protected while its rights are being determined.

Page 3 - **D-145-E**

C.A. No. <u>04-3277</u>
IN RE: OAKWOOD HOMES CORP. et al.,
              Debtors
JP MORGAN CHASE BANK, TRUSTEE,
              Appellant
     v.
U.S. NATIONAL BANK ASSOCIATION

       In view of the foregoing, The parties are directed to address the issue of this Court's jurisdiction. **The responses to the Order to Show Cause shall not exceed twenty (20) pages and shall be filed with the Clerk no later than 9:00 a.m., Thursday, September 9, 2004.** In this instance only, the parties are permitted to file and serve their responses electronically.

                By the Court,

                */s/ Marjorie O. Rendell*

                Circuit Judge

Dated:  September 3, 2004
tyw/cc:  Rheba Rutkowski, Esq.
         Russell C. Silberglied, Esq.
         John J. Galban, Esq.
         Timothy B. DeSieno, Esq.
         Robert C. Goodrich Jr., Esq.
         Michael B. Fisco, Esq.
         Marc J. Phillips, Esq.
         Karen C. Bifferato, Esq.

# **Exhibit C**

Court issued Separate
order · 9/17/04
dk

## CERTIFICATE OF SERVICE

I, Jason M. Madron, do hereby certify that on September 14, 2004 a copy of the

foregoing **Emergency Motion Of JPMorgan Chase Bank, As Trustee, For A Temporary**

**Stay Without Bond Pending The Later Of The Successful Completion Of Mandatory**

**Mediation Or Final Resolution Of The Reserve Appeal; Alternatively, For Reconsideration**

**Of This Court's Order Denying JPMorgan's Motion For A Stay Pending Appeal** was

served on the parties on the attached list and in the manner indicated thereon.

Jason M. Madron (Bar No. 4431)

RLF1-2784627-1

**Service List for Oakwood Homes Corporation,**
**Civil Action No. 04-951 (JJF)**

### *Via Hand Delivery and Electronic Mail:*

Karen C. Bifferato, Esquire
Christina Thompson, Esquire
Marc J. Phillips, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
E-Mail: kcb@cblhlaw.com
         cthompson@cblh.com
         mphillips@cblh.com

Derek C. Abbott, Esquire
Robert J. Dehney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, Delaware 19899
E-Mail: dabbott@mnat.com
         rdehney@mnat.com

### *Via Federal Express and Electronic Mail:*

Michael B. Fisco, Esquire
Abby E. Wilkinson, Esquire
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
E-Mail: MFisco@faegre.com
E-Mail: AWilkinson@faegre.com

Robert J. Stark, Esquire
King & Spalding
1185 Avenue of the Americas
New York, New York 10036-4003
E-Mail: rstark@kslaw.com

### *Via Hand Delivery:*

William F. Taylor, Jr., Esquire
McCarter & English, LLP
919 Market Street, Suite 1800
P. O. Box 111
Wilmington, Delaware 19801

Mark S. Kenney, Esquire
Office of the United States
Trustee
844 King Street
Lockbox 2313
Wilmington, Delaware 19801

Laurie Selber Silverstein, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801

Eric Lopez Schnabel, Esquire
Klett Rooney Lieber & Schorling
1000 West Street
Suite 1410
Wilmington, Delaware 19801

Christopher D. Loizides, Esquire
Loizides & Associates
1225 King Street, Suite 800
Wilmington, Delaware 19801

### *Via Federal Express:*

John J. Galban, Esquire
M. William Munno, Esquire
Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004

*Via Federal Express:*

Rheba Rutkowski, Esquire
Bingham McCutchen LLP
150 Federal Street
Boston, Massachusetts 02110

Michael J. Reilly, Esquire
Anna M. Boelitz, Esquire
Michael C. D'Agostino, Esquire
Bingham McCutchen LLP
One State Street
Hartford, Connecticut 06103

Steven G. Varner, Esquire
Alvarez & Marsal
800 Apollo Street
Suite 304
El Segundo, California 90245

Robert C. Goodrich, Jr., Esquire
Alex P. Herrington, Jr., Esquire
Stites & Harbison, PLLC
SunTrust Center, Suite 1800
424 Church Street
Nashville, Tennessee 37219-2376

Peter Partee, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074