**EXHIBIT D**

```
                                               FILED
                                      CLERK U.S. DISTRICT COURT
           IN THE UNITED STATES DISTRICT COURT
                                         DISTRICT OF DELAWARE
              FOR THE DISTRICT OF DELAWARE
                                             2005 FEB 17  PM 2: 57
```

IN RE:                              :
                                    :   Chapter 11
OAKWOOD HOMES CORP. et al.,         :
                                    :   Bankruptcy No. 02-13396 PJW
       Debtors.                     :
                                    :
_____ :
                                    :
JPMORGAN CHASE BANK, Trustee,       :
                                    :
       Appellant,                   :
                                    :
       v.                           :   Civil Action No. 04-835 JJF
                                    :
U.S. BANK NATIONAL ASSOCIATION,     :
                                    :
       Appellee.                    :

---

Russell C. Silberglied, Esquire, and Jason M. Madron, Esquire, of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Of Counsel: Christopher D. Loizides, Esquire, of LOIZIDES & ASSOCIATES, Wilmington, Delaware.
Robert C. Goodrich, Jr., Esquire, and Alex P. Herrington, Jr., Esquire, of STITES & HARBISON, PLLC, Nashville, Tennessee.
M. William Munno, Esquire, and John J. Galban, Esquire, of SEWARD & KISSEL LLP, New York, New York.
Timothy B. DeSieno, Esquire, of BINGHAM McCUTCHEN LLP, New York, New York.
Rheba Rutkowski, Esquire, of BINGHAM McCUTCHEN LLP, Boston, Massachusetts.
Attorneys for Appellant.

Karen C. Bifferato, Esquire, Christina M. Thompson, Esquire, and Marc J. Phillips, Esquire, of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
Of Counsel: Michael B. Fisco, Esquire, and Abby E. Wilkinson, Esquire, of FAEGRE & BENSON LLP, Minneapolis, Minnesota.
Attorneys for Appellee.

---

MEMORANDUM OPINION

February 17, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is an appeal by JPMorgan Chase Bank, in its capacity as successor trustee on behalf of some of the holders of certain Class B-2 Certificates, from the May 6, 2004, orders (Claims Orders) of the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). The Claims Orders granted, in part, and denied, in part, the objections of Appellee U.S. Bank National Association, as Trustee, to the proofs of claim filed by JPMorgan. For the reasons set forth below, the decision of the Bankruptcy Court will be affirmed.

I. **Background**

Debtor Oakwood Homes Corporation ("Oakwood") designs, builds, and sells manufactured modular homes. To raise capital for its financing activities, Oakwood formed non-debtor Real Estate Mortgage Investment Conduits trusts ("REMIC Trusts") to issue Class B-2 Certificates. Such certificates entitled their holders ("B-2 Holders") to periodic payments of principal and interest over a period of time. Oakwood guaranteed any shortfalls in the REMIC Trusts' payment on the B-2 Certificates.

On November 15, 2003, Oakwood filed for chapter 11 bankruptcy. Appellant JPMorgan Chase Bank ("JPMorgan"), as successor trustee on behalf of some of the holders of the B-2 Holders, filed proofs of claim seeking payment of past and future shortfalls of principal and interest on the B-2 Certificates (the

"Limited Guarantee Claims"). On October 10, 2003, and November 21, 2003, Appellee U.S. Bank National Association ("U.S. Bank"), as successor indenture trustee for holders of certain senior notes issued by Oakwood, filed objections to the Limited Guarantee Claims.

On May 6, 2004, the Bankruptcy Court entered orders ("the Claims Orders) granting, in part, and denying, in part, U.S. Bank's objections to the JPMorgan's Limited Guarantee Claims. (D.I. 20, Ex. A.) In relevant part, the Bankruptcy Court held that (1) "the Limited Guarantee Claims are disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code to the extent they include amounts for interest shortfalls accruing after the petition date" and (2) "Section 502(b) of the Bankruptcy Code requires the discounting of the Limited Guarantee Claims to present value as of the petition date, notwithstanding the disallowance of the interest shortfalls accruing after the petition date." (Id. at 3, 4.) JPMorgan appeals from the Claims Orders of the Bankruptcy Court.

II. **Parties' Contentions**

JPMorgan contends that the Bankruptcy Court erred in its interpretation of section 502(b). Specifically, JPMorgan contends that, presuming 502(b)(2) excludes post-petition interest, 502(b) does not require that the interest-bearing principal of an unmatured claim be discounted to the present value as of the petition date. JPMorgan contends that to

construe 502(b) to exclude both would be "double-discounting," which is "unlawful, inequitable, and commercially nonsensical," as well as contrary to a plain reading of the statute (D.I. 19 at 2, 16-17). In the alternative, JPMorgan contends that claim amount should include post-petition interest. JPMorgan argues that section 502(b)(2) is inapplicable because the Limited Guarantee Claims do not seek payment of interest on any debt of debtor Oakwood (D.I. 33).

In response, U.S. Bank contends that (1) the Bankruptcy Court accurately construed 502(b) and (2) any perceived hardship to the Class B-2 Certificate holders is a function of the B-2 Certificates, not the Bankruptcy Code.

### III. Standard of Review

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635,

642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which "conducts the same review of the Bankruptcy Court's order as ... the District Court." In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002) (citing In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999)).

### IV. Discussion

Sections 502(b) and 502(b)(2) of the Bankruptcy Code state:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount except to the extent that- ... (2) such claim is for unmatured interest ...

"Interpretation of a statute must begin with the statute's language." Mallard v. United States Dist. Court, 490 U.S. 296, 300 (1989). "[W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enters., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485, (1917)).

In this appeal, the Court concludes that a plain reading of section 502(b) supports the Bankruptcy Court's decision. According to the language of the statute, section 502(b) requires that the Court both (1) "determine the amount of [the] claim ...

principal upon filing.

Finally, while the Bankruptcy Court did not articulate its rationale for its decision, the Court concludes that the previous decision of the Bankruptcy Court in In re Loewen Group Int'l, Inc., 274 B.R. 427 (Bankr. D. Del. 2002) is persuasive. In accordance with what the Court considered the clear, unambiguous language of 502(b), it ordered in Loewen that the claims in dispute exclude post-petition interest and be discounted to present value. JPMorgan contends that Loewen is distinguishable because its claims were for non-interest-bearing principal. In Loewen, however, some of the claims "include[d] amounts for post-petition interest, late fees, attorneys' fees and other charges." Id. at 429-30. Further, the Court is not persuaded that the distinction between interest-bearing claims and non-interest-bearing claims is significant to the issue at bar.

V.  **Conclusion**

For the reasons discussed, the Court will affirm the Bankruptcy Court's Claims Orders. An appropriate Order will be entered.