IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| OAKWOOD HOMES CORPORATION, et al., | : | Bankruptcy No. 02-13396 (PJW) |
| Debtors. | : |  |
| JPMORGAN CHASE BANK, Trustee, | : |  |
| Appellant, | : |  |
| v. | : | Civil Action No. 04-951-JJF |
| U.S. BANK NATIONAL ASSOCIATION, As Indenture Trustee, | : |  |
| Appellee. | : | RE: D.I. 47 |

**ORDER GRANTING THE OHC LIQUIDATION TRUST PARTIAL
RELIEF FROM THE COURT'S SEPTEMBER 28, 2004 ORDER
<u>GRANTING JPMORGANS MOTION FOR A STAY PENDING APPEAL</u>**

**WHEREAS,** on or about March 31, 2004, the United States Bankruptcy Court for the District of Delaware entered an order confirming the *Second Amended Joint Consolidated Plan of Reorganization*, dated February 6, 2004 (the "<u>Plan</u>"), filed by Oakwood Homes Corporation and affiliated Chapter 11 debtors (collectively, the "<u>Debtors</u>"), which became effective by its terms on or about April 15, 2004 (the "<u>Effective Date</u>"); and

**WHEREAS,** on the Plan's Effective Date, substantially all of the Debtors' assets were sold, with sale proceeds and unsold estate assets vested in a liquidation trust (the "OHC Liquidation Trust") that was charged with making all Plan-related distributions to creditors; and

**WHEREAS,** JPMorgan Chase Bank, as Trustee ("JPMorgan"), and U.S. Bank National Association, as Indenture Trustee ("U.S. Bank" and, together with JPMorgan, the "Parties"), are parties to a companion appeal, presently pending before the Third Circuit Court of Appeals (the "Claims Allowance Appeal"), concerning the allowed amount of JPMorgan's unsecured claims against the Debtors; and

**WHEREAS,** on September 28, 2004, this Court issued a *Memorandum and Order* in the above-captioned appeal that, among other things, stayed the Trust from making Plan-related distributions without holding $61,017,425 (the "Original Stay Amount") in reserve pending final resolution of this appeal (the "Court Imposed Stay"); and

**WHEREAS,** on June 20, 2005, JPMorgan filed with the Third Circuit Court of Appeals its opening brief in the Claims Allowance Appeal, in which JPMorgan requested allowed unsecured claims in the Debtors' cases totaling approximately $98.7 million (the "Requested Claim Amount"); and

**WHEREAS,** approximately $25.3 million of the Requested Claim Amount was previously allowed by the Bankruptcy Court, meaning that the claim amount in dispute is approximately $73.4 million (as to be more specifically defined by the Parties, the "Revised Amount in Dispute"); and

**WHEREAS,** it appears that partial relief from the Court Imposed Stay, as requested in the *Motion of the OHC Liquidation Trust for Partial Relief from the Court's September 28, 2004 Order Granting Appellant's Motion for a Stay Pending Appeal*, dated August 5, 2005 (the "Motion"), is warranted under the circumstances, and that good and sufficient notice of the Motion was provided.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.  The Court Imposed Stay shall continue, but only to the extent set forth herein.

2.  The Trust shall continue to be stayed from distributing an amount that would equate to a pro rata distribution on the date of this Order on account of JPMorgan claims equal to the Revised Amount in Dispute (the "Modified Reserve"). To the extent that the Original Stay Amount exceeds the amount of the Modified Reserve, the Court Imposed Stay shall no longer apply to such excess funds and the Trust may use and distribute such funds as is authorized by the Plan.

3.  Should the OHC Liquidation Trust make additional distributions to holders of allowed unsecured claims prior to final resolution of this appeal, the OHC Liquidation Trust shall hold additional amounts (and thereby add to the Modified Reserve) as would equate to pro rata distributions on account of JPMorgan claims equal to the Revised Amount in Dispute.

4.  The OHC Liquidation Trust shall continue to be stayed from distributing the Modified Reserve, as it may be increased pursuant to Paragraph 2 hereof, until further Order of the Court.

5.      The relief granted herein shall be deemed procedural in nature, and nothing herein shall have any substantive effect on the arguments advanced by the Parties in either this appeal, or the Claims Allowance Appeal.

Dated: August ____, 2005
       Wilmington, Delaware

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT COURT JUDGE