IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| Oakwood Homes Corporation, <u>et al</u>., | Bankruptcy Case No. 02-13396 (PJW) |
| Debtors. | |

---

| | |
|---|---|
| JPMorgan Chase Bank, as Trustee, | |
| Appellant, | |
| v. | Civil Action No. 04-CV-951 (JJF) |
| U.S. Bank National Association, as Indenture Trustee, | |
| Appellee. | |

---

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, IN SUPPORT OF THE MOTION OF THE OHC LIQUIDATION TRUST FOR PARTIAL RELIEF FROM THE COURT'S SEPTEMBER 28, 2004 ORDER GRANTING APPELLANT'S MOTION FOR A STAY PENDING APPEAL**

---

U.S. Bank National Association, in its capacity as indenture trustee ("U.S. Bank"), files this Response ("Response") in Support of the Motion of the OHC Liquidation Trust for Partial Relief from the Court's September 28, 2004 Order Granting Appellant's Motion for a Stay Pending Appeal ("Motion") [D.I. 47]. All terms not otherwise defined herein shall have the meanings given to them in the Motion. In support of its Response, U.S. Bank states as follows:

**FACTUAL BACKGROUND**

1. More than 15 months ago, the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") entered orders ("Claims Orders") granting, in part, and

denying, in part, the objections of U.S. Bank to numerous claims filed by JPMorgan Chase Bank ("JPMorgan") against Oakwood Homes Corporation ("OHC"), one of the above-captioned debtors ("Debtors").

2. Shortly thereafter, on May 17, 2004, JPMorgan filed notices of appeal relating to the Claims Orders. This Court affirmed the Claims Orders on February 17, 2005. JPMorgan appealed the February 17th ruling to the United States Court of Appeals for the Third Circuit ("Third Circuit").

3. In connection with its appeal of the Claims Orders, JPMorgan also filed numerous pleadings with the Bankruptcy Court to set aside $61,017,425 in cash under the Debtors' plan of reorganization ("Plan") pending resolution of the appeal. The Bankruptcy Court concluded that the Claims Order appeal had no merit; and accordingly, set the reserve under the plan for the disputed claims of JPMorgan at zero. Mindful that its decision could moot JPMorgan's appeal of the Claims Orders, the Bankruptcy Court granted JPMorgan a stay, conditioned on the posting of a bond, pending the appeals ("Reserve Order"). The Bankruptcy Court calculated the amount of damages for the first year at $4,722,749 (7.74% times $61,017,425), less any earnings on the reserve amount earned by the liquidation trust. The Bankruptcy Court held that any relief after the one-year period should be sought in the District Court. The Reserve Order properly placed the economic harm to creditors of the delay in distributing funds under the Plan on the appealing party. JPMorgan made demand on the OHC Liquidation Trust to withhold the full $61,017,425 reserve.

4. On July 9, 2004, JPMorgan filed a notice of appeal relating to the Bankruptcy Court's Reserve Order. JPMorgan also filed several emergency motions, both with this Court and the Third Circuit, seeking to stay distributions under the Debtors' Plan pending its

appeal of the Claims Orders absent a bond. At a July 29, 2004 hearing, this Court denied JPMorgan's request for relief. By its order dated September 10, 2004, the Third Circuit dismissed JPMorgan's request for stay and appeal from this Court's order regarding the same for lack of jurisdiction.

5. Thereafter, in response to a second emergency motion filed by JPMorgan, this Court concluded, despite its earlier ruling, that JPMorgan was entitled to a stay pending appeal absent a bond. On October 8, 2004, U.S. Bank filed a motion with the Court to reconsider its order granting the stay. On November 5, 2004, the Court entered an order establishing a briefing schedule relating to JPMorgan's appeal of the Reserve Order. The appeal is fully briefed. U.S. Bank's motion for reconsideration and the appeal are currently pending before the Court.

**RESPONSE**

6. JPMorgan initially appealed the Claims Orders to the extent that the Bankruptcy Court <u>both</u> disallowed its claims for post-petition interest and discounted the principal portion of its claims to present value as of the petition date. However, on appeal to the Third Circuit, JPMorgan has chosen to appeal <u>only</u> that portion of its claims for discounted principal ("The bankruptcy court disallowed the postpetition interest component of Appellants' Claims and this aspect of the Claims Orders is not at issue here." (Appellants' Brief at 8, attached as Exhibit E to the Motion.))

7. As noted in the Motion, the amount of JPMorgan's claims in dispute has decreased from $411.6 million to $73.4 million. As a result, even if JPMorgan is successful on appeal, nearly $50 million of the current reserve will not be needed to make distributions

on the remaining claims in dispute.  A disputed claim reserve of more than $61 million is no longer necessary.[1]

8.  The liquidating trustee made an initial distribution to the Debtors' unsecured creditors on or about October 1, 2004, almost one year ago.  As of September 30, 2005, the Debtors' unsecured creditors will have lost approximately $4,722,749 (7.74% of $61,017,425), less any amounts earned by the liquidating trustee, as a result of the $61,017,425 reserve.

9.  Given that JPMorgan has chosen not to appeal a substantial portion of its disallowed claims, the reserve should be reduced accordingly.  Moreover, the release of the funds would mitigate any claim against JPMorgan arising out of the Reserve Order.

## CONCLUSION

10.  For all of the above-stated reasons, U.S. Bank requests that this Court approve the Motion of the OHC Liquidation Trust for Partial Relief from the Court's September 28, 2004 Order Granting Appellant's Motion for Stay Pending Appeal.

---

[1] As noted in the Motion, to date, the OHC Liquidation Trust has only been able to distribute to unsecured creditors and into other disputed claims reserves 15.5% of the claimed amount, which in JPMorgan's case would equal a reserve of only about $11.4 million.

Dated: August 18, 2005
      Wilmington, Delaware

By /s/ Marc J. Phillips
   Karen C. Bifferato (No. 3279)
   Christina M. Thompson (No. 3976)
   Marc J. Phillips (No. 4445)
   CONNOLLY BOVE LODGE & HUTZ LLP
   The Nemours Building
   1007 N. Orange Street
   P.O. Box 2207
   Wilmington, DE  19899
   Telephone: (302) 658-9141

   - and -

   FAEGRE & BENSON LLP
   Michael B. Fisco, MN Bar No. 175341
   Abby E. Wilkinson, MN Bar No. 0313981
   2200 Wells Fargo Center
   90 South Seventh Street
   Minneapolis, MN 55402-3901
   Telephone:  (612) 766-7000
   Facsimile:   (612) 766-1600

   ATTORNEYS FOR U.S. BANK NATIONAL
   ASSOCIATION, IN ITS CAPACITY AS
   INDENTURE TRUSTEE

412658