```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

IN RE:                              :
                                    :  Chapter 11
OAKWOOD HOMES CORP. et al.,         :
                                    :  Bankruptcy No. 02-13396 (PJW)
        Debtors.                    :
_____ :
                                    :
JPMORGAN CHASE BANK, Trustee,       :
                                    :
        Appellant,                  :
                                    :
    v.                              :  Civil Action No. 04-951-JJF
                                    :
U.S. NATIONAL BANK ASSOCIATION,     :
                                    :
        Appellee.                   :

---

Russell C. Silberglied, Esquire, and Jason M. Madron, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
<u>Of Counsel</u>: Christopher D. Loizides, Esquire of LOIZIDES & ASSOCIATES, Wilmington, Delaware.
Robert C. Goodrich, Jr., Esquire, and Alex P. Herrington, Jr., Esquire of STITES & HARBISON, PLLC, Nashville, Tennessee.
M. William Munno, Esquire, and John J. Galban, Esquire of SEWARD & KISSEL LLP, New York, New York.
Timothy B. DeSieno, Esquire of BINGHAM McCUTCHEN LLP, New York, New York.
Rheba Rutkowski, Esquire of BINGHAM McCUTCHEN LLP, Boston, Massachusetts.
Attorneys for Appellant.

Karen C. Bifferato, Esquire, Christina M. Thompson, Esquire, and Marc J. Phillips, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
<u>Of Counsel</u>: Michael B. Fisco, Esquire, and Abby E. Wilkinson, Esquire of FAEGRE & BENSON LLP, Minneapolis, Minnesota.
Attorneys for Appellee.

Robert J. Dehney, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.
<u>Of Counsel</u>:  Robert J. Stark, Esquire of KING & SPALDING LLP, New York, New York.
Attorneys for OHC Liquidation Trust.

---

**MEMORANDUM OPINION**

August 18, 2005
Wilmington, Delaware

*signature: Joseph J. Farnan Jr.*

Farnan, District Judge.

Pending before the Court is an appeal by JPMorgan Chase Bank, Trustee ("JPMorgan"), from the July 6, 2004 Order issued by the United States Bankruptcy Court for the District of Delaware setting the cash reserve for JPMorgan's disallowed claims at zero (the "Reserve Order"). In addition, U.S. Bank National Association, in its capacity as Indenture Trustee ("U.S. Bank"), has filed a Motion For Reconsideration Of This Court's Order Granting A Stay Pending Appeal Without Bond (D.I. 22), Or Alternatively, To Expedite Consideration And Resolution Of The Mandatory Mediation And Appeals Process (D.I. 23). By letter (D.I. 45), U.S. Bank also requests clarification as to whether the Court's Stay Order (D.I. 22) extends until final resolution of the Reserve Order appeal by the Third Circuit or until resolution of the Reserve Order appeal by this Court. For the reasons discussed, the Court will affirm the Bankruptcy Court's July 6, 2004 Reserve Order. The Court's Stay Order is clarified so as to apply only until this Court's decision of the instant appeal, and therefore, the Motion For Reconsideration Of This Court's Order Granting A Stay Pending Appeal Without Bond (D.I. 22), Or Alternatively, To Expedite Consideration And Resolution Of The Mandatory Mediation And Appeals Process will be denied as moot. To address the concerns of the OHC Liquidation Trust, the Court will order JPMorgan to post a bond or letter of credit in

1

accordance with the Bankruptcy Court's July 6, 2004, no later than September 2, 2005.[1] In the event JPMorgan fails to post the requisite bond or obtain a further stay in the Third Circuit, OHC Liquidation Trust shall have no obligation to maintain the reserve fund beyond September 2, 2005.

## I.  PARTIES' CONTENTIONS

By its appeal, JPMorgan contends that the Bankruptcy Court erred in failing to set aside in reserve $61,017,425 for the disputed claims held by JPMorgan. JPMorgan contends that this sum should be set aside pending final resolution of its appeal of the Bankruptcy Court's order denying its claims (the "Claims Order") and the instant appeal by the highest court from which appellate relief is sought. JPMorgan contends that the Bankruptcy Court's decision to set the claims reserve at zero contravenes the express language of the Plan by failing to give JPMorgan and the B-2 Holders the protection of a disputed claims reserve contemplated by Section 8.2(c) of the Plan. If Section 8.2(c) is not complied with, JPMorgan contends that the B-2 Holders will not receive any distributions under the Plan if their disputed claims ultimately are allowed, and JPMorgan and

---

[1] The OHC Liquidation Trust has recently filed a Motion For Partial Relief From The Court's September 28, 2004 Order Granting Appellant's Motion For A Stay Pending Appeal. (D.I. 47). Because the Court's decision in this case lifts the stay, the Court concludes that the Motion filed by the OHC Liquidation Trust is moot.

2

the B-2 Holders will effectively be deprived of their rights to appeal. JPMorgan further contends that the Reserve Order violates Section 1123(a)(4) of the Bankruptcy Code by creating a Plan that unfairly discriminates between holders of undisputed allowed claims and holders of disputed claims that become allowed claims on appeal. JPMorgan also contends that the Bankruptcy Court erred in holding that the Liquidation Trust could only establish a disputed claim reserve on the condition that JPMorgan post a bond or letter of credit in an amount equal to 7.74% per annum of the disputed claim reserve. JPMorgan contends that the 7.74% rate is unjustified and constitutes an impermissible award of damages to the other unsecured creditors without an evidentiary hearing. JPMorgan also contends that the additional costs of posting a bond punishes JPMorgan and the B-2 Holders for exercising their appellate rights and their rights under the Plan. In contrast, JPMorgan contends that there is no prejudice to the unsecured creditors if a disputed claims reserve is set in the amount sought by JPMorgan, because the Plan requires the money to be maintained in an interest-bearing account. Thus, JPMorgan maintains that the disputed money will be there for the unsecured creditors if JPMorgan's appeal of the Claims Order is unsuccessful.

In response, Appellee U.S. Bank National Association, in its capacity as Indenture Trustee ("U.S. Bank"), contends that the

3

Bankruptcy Court has unfettered discretion under Section 8.2(c) of the Plan to establish a reserve ranging in amount from zero dollars to the full amount of the disputed claim.  U.S. Bank also contends that the Bankruptcy Court correctly concluded that JPMorgan should post bond or a letter of credit, because this requirement compensates other unsecured creditors for the lost value associated with the delay in receiving their distribution.  U.S. Bank contends that setting the bond or letter of credit to an amount equal to 7.74% of the amount of cash JPMorgan elects to withhold from distribution to creditors is supported by the testimony of JPMorgan's own expert that a reasonably prudent investor would earn 7.74% on money properly invested over time to meet future payment obligations under the Securitization Trusts.

## II.   STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).  With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts

and its application of those precepts to the historical facts.'" <u>Mellon Bank, N.A. v. Metro Communications, Inc.</u>, 945 F.2d 635, 642 (3d Cir. 1991) (citing <u>Universal Mineral, Inc. v. C.A. Hughes & Co.</u>, 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a <u>de</u> <u>novo</u> basis in the first instance. <u>In re Telegroup</u>, 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

Reviewing the Bankruptcy Court's decision to set the reserve amount at zero in light of the applicable provision of the Plan, the Court concludes that the Bankruptcy Court's decision was not erroneous. Section 8.2(c) of the Plan provides, in relevant part:

> The Liquidation Trust and/or the Stand Alone Voting Trust shall reserve the Ratable proportion of all Cash, New Common Stock, New Warrants or other property allocated for distribution on account of each Disputed Claim based upon the asserted amount of each such Disputed Claim, or such lesser amount as may be agreed to be the Holder of the Claim on one hand and the Liquidation Trust or the Stand Alone Voting Trust on the other hand, as applicable, <u>or as may otherwise be determined by order of the Bankruptcy Court.</u>

(emphasis added).

The Court agrees with U.S. Bank that this Section provides three options for setting a reserve: (1) the amount of the asserted claim, (2) an amount agreed by the parties, or (3) an

5

amount determined by order of the Bankruptcy Court. If the reserve amount is to be set by the Bankruptcy Court, the Court concludes that the Bankruptcy Court is afforded complete discretion to set that amount. In this case, the Bankruptcy Court considered the facts and circumstances of this case, including JPMorgan's likelihood of success on appeal, and concluded that the reserve amount should be set at zero. The Court concludes that the Bankruptcy Court's decision in this regard was not erroneous.

As for the Bankruptcy Court's decision to condition a stay pending appeal on the posting of a letter of credit or bond in an amount equal to 7.74% of the amount of the requested reserve, the Court likewise concludes that the Bankruptcy Court's decision was not erroneous. The Bankruptcy Court properly considered the harm to unsecured creditors and concluded based on the testimony of JPMorgan's own expert that the amount should be set at 7.74%. In these circumstances, the Court cannot conclude that the Bankruptcy Court's decision was erroneous.

With respect to the Court's Stay Order, it is evident from the context of the Court's Order that the Court did not expressly consider whether the stay would extend beyond resolution of the appeal in this Court. Continuing the stay as JPMorgan suggests until resolution of its appeal by the Third Circuit would essentially negate the Court's decision on the Reserve Order

6

appeal that the Bankruptcy Court was correct in setting the reserve amount at zero and in requiring JPMorgan to post bond.[2] At this juncture and in light of the Court's decision on the merits of this appeal, the Court is not persuaded that its Stay Order should be interpreted so as to continue through any appeal to the Third Circuit.  Therefore, the Court clarifies its Stay Order so that it only applies until the resolution of this appeal by the Court, and therefore, the Court will deny as moot U.S. Bank's Motion For Reconsideration of the Stay Order.

**IV.  CONCLUSION**

For the reasons discussed, the Court will affirm the Bankruptcy Court's July 6, 2004 Reserve Order.  The Court's Stay Order is clarified so that the stay does not operate through JPMorgan's appeal to the Third Circuit.  Because the Stay Order only applies until resolution of the appeal in this Court, the Court concludes that the stay will be lifted with the entry of the Court's Order in connection with this Memorandum Opinion. Based on the Court's clarification of the Stay Order, the Motion For Reconsideration Of This Court's Order Granting A Stay Pending Appeal Without Bond (D.I. 22), Or Alternatively, To Expedite Consideration And Resolution Of The Mandatory Mediation And

---

[2] Further, the Court granted the stay on the premise that a contrary decision would vitiate the Court ordered mediation process and render this appeal moot. (D.I. 22 at 3). These concerns are no longer implicated, and therefore, they provide no support for continuing the stay.

7

Appeals Process will be denied as moot.

An appropriate Order will be entered.