IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OAKWOOD HOMES CORP *et al.*,<br><br>Debtors | Chapter 11<br><br>Bankr Case No 02-13396 (PJW)<br><br>Jointly Administered |
| JPMORGAN CHASE BANK,<br>as Trustee,<br><br>Appellant,<br><br>- against -<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>as Indenture Trustee,<br><br>Appellee | Dist Ct Case No 04-CV-951 (JJF) |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD
AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL OF
<u>APPELLANT JPMORGAN CHASE BANK, AS TRUSTEE</u>**

Pursuant to 28 U.S.C. § 158(d) and Fed R App 6(b)(2)(B), JPMorgan Chase Bank ("JPMorgan"), in its capacity as successor trustee on behalf of the appealing holders of certain Class B-2 Certificates issued by certain non-debtor REMIC trusts formed by debtor Oakwood Homes Corporation ("OHC"), by and through the undersigned counsel, hereby submits the following designation of items to be included in the record on appeal and statement of issues to be presented in its appeal from the final order of the United States District Court for the District of Delaware (Farnan, J.), entered August 19, 2005 in the above-captioned case (D.I. 54) (the "Reserve Decision"), affirming the July 7, 2004 order of the United States Bankruptcy Court for the District of Delaware, which denied JPMorgan's motion for an order establishing a Disputed Claims

RLF1-2920729-1

Reserve in accordance with the negotiated terms of the debtors' confirmed plan of reorganization (the "Reserve Order")

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Appellants | Counsel |
| --- | --- |
| JPMorgan Chase Bank, as Trustee, and appealing B-2 Holders Jefferson-Pilot Life Insurance Company, Jefferson Pilot Financial Insurance Company, Tyndall Partners, LP, Tyndall Institutional Partners, LP, Academy Life Insurance Company, Life Investors Insurance Company of America, Monumental Life Insurance Company, People's Benefit Life Insurance Company, and Transamerica Life Insurance Company | Russell C. Silberglied (DE No. 3462) Jason M. Madron (DE No. 4431) RICHARDS, LAYTON & FINGER, P.A. One Rodney Square P.O. Box 551 Wilmington, Delaware 19899 (302) 651-7545 <br><br> M. William Munno John J. Galban SEWARD & KISSEL LLP One Battery Park Plaza New York, New York 10004 (212) 574-1602 (representing JPMorgan, as Trustee, only) <br><br> Robert C. Goodrich, Jr. Madison L. Cashman (DE No. 4079) STITES & HARBISON, PLLC SunTrust Center, Suite 1800 424 Church Street Nashville, Tennessee 37219 (615) 782-2200 <br><br> Alex P. Herrington, Jr. STITES & HARBISON, PLLC 400 West Market Street, Suite 1800 Louisville, Kentucky 40202 (502) 587-3400 <br><br> G. Eric Brunstad, Jr. BINGHAM McCUTCHEN LLP One State Street Hartford, CT 06103 (860) 240-2700 <br><br> Timothy B. DeSieno BINGHAM McCUTCHEN LLP 399 Park Avenue New York, New York 10022 (212) 705-7000 <br><br> Rheba Rutkowski BINGHAM McCUTCHEN LLP 150 Federal Street Boston, Massachusetts 02110 (617) 951-8000 |

| Appellee | Counsel |
|---|---|
| U.S. Bank National Association, As Indenture Trustee | Michael B. Fisco<br>Abby E. Wilkinson<br>FAEGRE & BENSON LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402-3901<br>(612) 766-7000<br><br>Karen C. Bifferato (DE No. 3279)<br>Jeffrey C. Wisler (DE No. 2795)<br>Christina Thompson (DE No. 3976)<br>Marc J. Phillips (DE No. 4445)<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, Delaware 19899<br>(302) 658-9141 |

| Liquidation Trust | Counsel |
|---|---|
| Oakwood Homes Corporation Liquidation Trust | Robert J. Dehney (DE No. 3578)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 198899-1347<br>(302) 658-9200<br><br>Robert J. Stark<br>BROWN RUDNICK BERLACK ISRAELS<br>120 West 45th Street<br>New York, New York 10036<br>(212) 209-4800 |

**Designation Of Items To Be Included In The Record On Appeal**

1. The following documents, which were filed in the bankruptcy court and were transmitted to this Court as the designated record on appeal in these consolidated appeals. Each document is identified with a bankruptcy court docket number ("B.D.I.").

RLF1-2920729-1

- Objection of U.S. Bank National Association, in its Capacity as Indenture Trustee, to the Claims of JPMorgan Chase Bank, as Trustee for Holders of the B-2 Certificate Guaranty Claims and Motion for Estimation of Such Claims Pursuant to Section 502(c) of the Bankruptcy Code (with exhibits), dated October 10, 2003 (B.D.I. 2108)

- Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Objection to the Allowance of the Class B-2 Certificate REMIC Guarantee Claims and Motion to Estimate the Contingent Portion of the Claims (with exhibits), dated November 6, 2003 (B.D.I. 2324)

- Affidavit of James R. Lewis in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Objection to the Allowance of the Class B-2 Certificate REMIC Guarantee Claims and Motion to Estimate (with exhibits), sworn to November 3, 2003 (B.D.I. 2324)

- Affidavit of John J. Galban in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Objection to the Allowance of the Class B-2 Certificate REMIC Guarantee Claims and Motion to Estimate (with exhibits), sworn to November 4, 2003 (B.D.I. 2324)

- Supplemental Objection of U.S. Bank National Association, in its Capacity as Indenture Trustee, to the REMIC Claims of JPMorgan Chase Bank, as Trustee for Holders of the B-2 Certificate Guarantee Claims (with exhibits), dated November 21, 2003 (B.D.I. 2455)

- Transcript of hearing, held on November 26, 2003 (B.D.I. 2625)

- Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Supplemental Objection to the Class B-2

Certificate REMIC Guarantee Claims (with exhibits), dated January 16, 2004 (B.D.I. 3372)

- Affidavit of James R. Lewis in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Supplemental Objection to the Class B-2 Certificate REMIC Guarantee Claims (with exhibits), sworn to January 14, 2004 (B.D.I. 3372)

- Affidavit of John J. Galban in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank's Supplemental Objection to the Class B-2 REMIC Guarantee Claims (with exhibits), sworn to January 15, 2004 (B.D.I. 3372)

- Declaration of Douglas R. Muir Pursuant to 28 U.S.C. § 1746 (with exhibits), dated January 16, 2004 (B.D.I. 3375)

- Transcript of hearing, held on January 23, 2004 (B.D.I. 3534)

- Memorandum of U.S. Bank National Association, in its Capacity as Indenture Trustee, in Support of its Objections to the REMIC Guarantee Claims filed by JPMorgan Chase Bank, as Trustee for Holders of Certain B-2 Certificate Guarantee Claims (with exhibits), dated February 20, 2004 (B.D.I. 3648)

- Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Memorandum in Support of its Objections to the B-2 Certificate Guarantee Claims (with exhibits), dated March 4, 2004 (B.D.I. 3702)

- Affidavit of James R. Lewis in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U.S. Bank National Association's Memorandum in Support of its Objections to the B-2 Certificate Guarantee Claims (with exhibits), sworn to March 1, 2004 (B.D.I. 3702)

- Affidavit of John J Galban in Support of the Response of JPMorgan Chase Bank, in its Capacity as Trustee, to U S Bank National Association's Memorandum in Support of its Objections to the B-2 Certificate Guarantee Claims (with exhibits), sworn to March 4, 2004 (B D I 3702)

- Reply Memorandum of U S Bank National Association, in its Capacity as Indenture Trustee, to the Response of JPMorgan Chase Bank, in its Capacity as Trustee, Regarding Objections to the Class B-2 Certificate Guarantee Claims (with exhibits), dated March 5, 2004 (B D I 3712)

- Transcript of hearing, held on March 12, 2004 (B D I 3944)

- Scheduled Principal Guarantee Payment Due Dates under Each REMIC Trust (Deloitte & Touche Calculations) (admitted in evidence at 3/12/04 hearing as USB Exhibit 4)

- Expert Report of Bradford Cornell of Charles River Associates, dated February 10, 2004 (admitted in evidence at 3/12/04 hearing as USB Exhibit 5)

- Back-Up Documents to the Expert Report of Bradford Cornell of Charles River Associates, dated February 10, 2004 (admitted in evidence at 3/12/04 hearing as JPMorgan Chase Exhibit 1)

- Stipulation Between U S Bank National Association, as Indenture Trustee, and JPMorgan Chase Bank, as Trustee, as to Allowed Limited Guarantee Claims and Admissibility of Exhibits, dated April 30, 2004 (B D I 4025)

- Order Granting, in Part, and Denying, in Part, the Objections of U S Bank National Association, as Trustee, to Amended Proofs of Claim Nos 8018, 8017 and 8016 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust

1998-D, OMI Trust 1999-A and OMI Trust 1999-B, entered on May 6, 2004. (B.D.I. 4039)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8022 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-B, entered on May 6, 2004. (B.D.I. 4035)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8021 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-C, entered on May 6, 2004. (B.D.I. 4040)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8020 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-D, entered on May 6, 2004. (B.D.I. 4037)

- Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8019 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-B, entered on May 6, 2004. (B.D.I. 4036)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proofs of Claim Nos. 8018, 8017 and 8016 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-D, OMI Trust 1999-A and OMI Trust 1999-B, entered on May 6, 2004. (B.D.I. 4059)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8022

RLF1-2920729-1

- Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-B, entered on May 6, 2004 (B.D.I. 4060)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8021 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-C, entered on May 6, 2004 (B.D.I. 4061)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8020 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1997-D, entered on May 6, 2004 (B.D.I. 4063)

- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Granting, in Part, and Denying, in Part, the Objections of U.S. Bank National Association, as Trustee, to Amended Proof of Claim No. 8019 Filed by JPMorgan Chase Bank, as Trustee, for OMI Trust 1998-B, entered on May 6, 2004 (B.D.I. 4064)

- Proof of Claim (No. 6128) of JPMorgan Chase Bank as Trustee for OMI 1997-B (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 6130) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-C (with exhibits), filed on March 27, 2003

- Proof of Claim (No. 6125) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-D (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 6129) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-B (with exhibits), filed on March 27, 2003.

- Proof of Claim (No. 5654) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-D (with exhibits), filed on March 27, 2003.

- Proof of Claim (No 5655) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-A (with exhibits), filed on March 27, 2003
- Proof of Claim (No 6127) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-B (with exhibits), filed on March 27, 2003
- Amended Proof of Claim (No 8022) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-B (with exhibit), filed on November 6, 2003
- Amended Proof of Claim (No 8021) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-C (with exhibit), filed on November 6, 2003
- Amended Proof of Claim (No 8020) of JPMorgan Chase Bank, as Trustee for OMI Trust 1997-D (with exhibit), filed on November 6, 2003
- Amended Proof of Claim (No 8019) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-B (with exhibit), filed on November 6, 2003
- Amended Proof of Claim (No 8018) of JPMorgan Chase Bank, as Trustee for OMI Trust 1998-D (with exhibit), filed on November 6, 2003
- Amended Proof of Claim (No 8017) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-A (with exhibit), filed on November 6, 2003
- Amended Proof of Claim (No 8016) of JPMorgan Chase Bank, as Trustee for OMI Trust 1999-B (with exhibit), filed on November 6, 2003
- Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, dated March 30, 2004. (B D I 3933)
- Supplement to the Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee

- Claims in accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, dated April 8, 2004 (B.D.I. 3961)
- Second Amended Joint Consolidated Plan of Reorganization of Oakwood Homes Corporation and its Affiliated Debtors and Debtors-in-Possession, dated February 6, 2004 (B.D.I. 3538)
- Transcript of hearing, held on June 18, 2004 (B.D.I. 4220)
- Transcript of hearing, held on July 1, 2004 (B.D.I. 4276)
- Order Respecting the Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in Accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, entered on July 7, 2004 (B.D.I. 4244)
- Appellant JPMorgan Chase Bank's Notice of Appeal from Order Respecting the Amended Motion of JPMorgan Chase Bank, as Trustee, for an Order Directing the Debtors and the Liquidation Trust to Establish a Reserve for the Disputed Portions of the Class B-2 Limited Guarantee Claims in Accordance with Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization, dated July 9, 2004 (B.D.I. 4252)
- Interest Shortfall Projections (Deloitte & Touche Calculations) (admitted in evidence at the 6/18/2004 hearing as JPMorgan Exhibit 1)
- Limited Guarantee, dated as of November 1, 1997, by Oakwood Homes Corporation

2   Appellants' Brief, filed July 26, 2004 (D.I. 19)

3   Appendix (D.I. 20)

4   OHC Liquidation Trustee's Motion to Intervene, filed August 9, 2004 (D.I. 32)

5. Appellee's Brief, filed August 10, 2004 (D.I. 33)

6. Appellants' Reply Brief, filed August 23, 2004 (D.I. 34)

7. Memorandum and Opinion dated February 17, 2005 (D.I. 50)

8. Order dated February 17, 2005 (D.I. 51)

9. Notice of Appeal, filed March 24, 2005 by JPMorgan as Trustee (D.I. 52)

10. Notice of Appeal, filed March 24, 2005 by appealing B-2 Holders Jefferson Pilot Corporation, Tyndall Partners, L.P., and Tyndall Institutional Partners, L.P. (D.I. 53)

11. Notice of Appeal, filed March 24, 2005 by appealing B-2 Holders Academy Life Insurance Company, Life Investors Insurance Company of America, Monumental Life Insurance Company, People's Benefit Life Insurance Company, and Transamerica Life Insurance Company JPMorgan (D.I. 54)

12. Transcript of hearing, held on September 22, 2004

13. Memorandum and Order dated September 28, 2004 (D.I. 22)

14. Appellants' Brief, filed December 7, 2004 (D.I. 32)

15. Transmittal Affidavit to Appellants Brief, filed December 7, 2004 (D.I. 34)

16. Appellee's Brief, filed December 22, 2004 (D.I. 36)

17. Appellants' Reply Brief, filed January 4, 2005 (D.I. 42)

18. Memorandum and Opinion entered August 19, 2005 (D.I. 53)

19. Order entered August 19, 2005 (D.I. 54)

### Statement Of Issues To Be Presented On Appeal

1. Whether the bankruptcy court committed reversible error by entering the Reserve Order

2. Whether the bankruptcy court committed reversible error in ruling that Section 8.2(c) of the Second Amended Joint Consolidated Plan of Reorganization of

Oakwood Homes Corporation and its Affiliated Debtors and Debtors-in-Possession, dated February 6, 2004 (the "Plan") endowed it with complete discretion to determine whether a Disputed Claims Reserve (as defined in the Plan) was required pending Appellants' appeals (the "Claims Appeals") from the disallowance of portions of their claims arising from the obligations of debtor OHC pursuant to certain Limited Guarantees to pay shortfalls in the payment of interest and principal on Class B-2 Certificates issued by certain non-debtor REMIC trusts.

3. Whether the bankruptcy court committed reversible error in ruling that the Plan did not require the OHC Liquidation Trust to establish a Disputed Claims Reserve pending final resolution of the Claims Appeals.

4. Whether the bankruptcy court committed reversible error in ruling that the OHC Liquidation Trust could establish a Disputed Claims Reserve under the Plan pending final resolution of the Claims Appeals only on the condition that JPMorgan post a bond or letter of credit in an amount equal to 7.74% per annum of a Disputed Claims Reserve of $61,017,425.

5. Whether the bankruptcy court committed reversible error in ruling that no evidentiary hearing was required to determine the existence of alleged injury or the amount of alleged damages, if any, to be suffered by other unsecured creditors as a result of any delay in a portion of their distributions under the Plan resulting from the establishment of a Disputed Claims Reserve of $61,017,425 pending final resolution of the Claims Appeals.

6. Whether the bankruptcy court committed reversible error in ruling that alleged damages to be suffered by other unsecured creditors as a result of any delay in a portion of their distributions under the Plan resulting from the establishment of a Disputed Claims Reserve of $61,017,425 pending final resolution of the Claims Appeals equals the difference between 7.74% interest per annum on $61,017,425 and the rate of interest earned by the OHC Liquidation Trust on that amount for a one-year period

7.  Whether the district court committed reversible error in affirming the bankruptcy court's Reserve Order.

8.  Whether the district court committed reversible error in ruling that the bankruptcy court did not err in setting a reserve amount at zero.

9.  Whether the district court committed reversible error in affirming the bankruptcy court's ruling that Section 8.2(c) of the Plan endowed it with complete discretion to determine whether a Disputed Claims Reserve was required pending final resolution of the Claims Appeals.

10. Whether the district court committed reversible error in affirming the bankruptcy court's ruling that the OHC Liquidation Trust could establish a Disputed Claims Reserve under the Plan pending final resolution of the Claims Appeals only on the condition that JPMorgan post a bond or letter of credit in am amount equal to 7.74% per annum of a Disputed Claims Reserve of $61,017,425.

11. Whether the district court committed reversible error in affirming the bankruptcy court's ruling that the amount of alleged damages, if any, to be suffered by other unsecured creditors as a result of any delay in a portion of their distributions under the Plan resulting from the establishment of a Disputed Claims Reserve of $61,017,425 pending final resolution of the Claims Appeals equals the difference between 7.74% interest per annum on $61,017,425 and the rate of interest earned by the OHC Liquidation Trust on that amount for a one-year period.

12. Whether the district court committed reversible error in affirming the bankruptcy court's ruling that no evidentiary hearing was required to determine the existence of alleged injury or the amount of alleged damages, if any, to be suffered by other unsecured creditors as a result of any delay in their distributions under the Plan resulting from the establishment of a Disputed Claims Reserve of $61,017,425 pending final resolution of the Claims Appeals.

Dated: September 12, 2005
       Wilmington, Delaware

Respectfully submitted,

*/s/ Jason M. Madron*

Russell C. Silberglied (Del. Bar No. 3462)
Jason M. Madron (Del. Bar No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19899
(302) 651-7545

- and -

M. William Munno
John J. Galban
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
(212) 574-1200

- and -

Robert C. Goodrich, Jr.
Madison L. Cashman (DE No. 4079)
STITES & HARBISON, PLLC
SunTrust Center, Suite 1800
424 Church Street
Nashville, TN 37219
(615) 782-2200

- and -

Alex P. Herrington, Jr.
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
(502) 587-3400

- and -

G. Eric Brunstad, Jr.
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
(860) 240-2700

- and -

Timothy B DeSieno
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022
(212) 705-7000

- and -

Rheba Rutkowski
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Co-Counsel for JPMorgan Chase Bank, as Trustee*